# IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
## Civil Division

ALEXANDER HEBELER
401A 17th Street, NE
Washington, DC 20002

        *Plaintiff*,

v.

PETER RUTAHAKANA
95 East Wayne Avenue
Apartment 200
Silver Spring, MD 20901

-and-

UBER TECHNOLOGIES, INC.
1515 3rd Street
San Francisco, CA 94158

    **Serve On:**
    CT Corporation System
    1015 15th Street, NW
    Suite 1000
    Washington, DC 20005

-and-

UBER USA, LLC
1455 Market Street
4th Floor
San Francisco, CA 94103

    **Serve On:**
    CT Corporation System
    1015 15th Street, NW
    Suite 1000
    Washington, DC 20005

-and-

Case No.: 2022 CA 1245 B
Judge:
Next Event:

Exhibit 1

RASIER, LLC
1455 Market Street
4th Floor
San Francisco, CA 94103

**Serve On:**
CT Corporation System
1015 15th Street, NW
Suite 1000
Washington, DC 20005

-and-

RASIER-DC, LLC
1455 Market Street
4th Floor
San Francisco, CA 94103

**Serve On:**
CT Corporation System
1015 15th Street, NW
Suite 1000
Washington, DC 20005

*Defendants.*

## COMPLAINT

**COMES NOW,** Plaintiff Alexander Hebeler (hereinafter, "Plaintiff"), by and through the undersigned counsel, and hereby makes this Complaint against Defendants, Peter Rutahakana (hereinafter, "Defendant Rutahakana"), Uber Technologies, Inc. (hereinafter, "Defendant Uber Technologies"), Uber USA LLC (hereinafter, "Defendant Uber USA"), Rasier, LLC (hereinafter, "Defendant Rasier"), and Rasier-DC, LLC (hereinafter, "Defendant Rasier-DC"). In support thereof, Plaintiff states as follows:

### Parties

1. Plaintiff is an individual who resides at the above-listed address.

2. Defendant Rutahakana is an individual who resides at the above-captioned address.

3. Defendant Uber Technologies is a corporation that transacts business in the District of Columbia and maintains its principal place of business at the above-captioned address.

4. Defendant Uber USA is a limited liability company that transacts business in the District of Columbia and maintains its principal place of business at the above-captioned address.

5. Defendant Rasier is a limited liability company that transacts business in the District of Columbia and maintains its principal place of business at the above-captioned address.

6. Defendant Rasier-DC is a limited liability company that transacts business in the District of Columbia and maintains its principal place of business at the above-captioned address.

### Jurisdiction

7. This Court has subject matter jurisdiction over this action pursuant to § 11-921 of the D.C. Code in that this action was filed in the District of Columbia and no federal court has exclusive jurisdiction over this matter.

8. This Court has personal jurisdiction over Defendants pursuant to § 13-423 of the D.C. Code in that Defendants caused a tortious injury in the District of Columbia by an act or omission in the District of Columbia.

### Factual Background

9. On or about June 6, 2019, Plaintiff was operating a motor-driven cycle on 1st Street, NE, at or near its intersection with L Street, NE, in Washington, D.C.

10. At all material times, Plaintiff was a vulnerable user.

11. At approximately 8:46 p.m. on the aforementioned date, Defendant Rutahakana was operating a motor vehicle on 1st Street, NE, at or near its intersection with L Street, NE, in Washington, D.C.

12. At all material times, Defendant Rutahakana was an employee and/or agent of Defendants Uber Technologies, Uber USA, Rasier, and/or Rasier-DC.

13. At all material times, Defendant Rutahakana was acting within the course and scope of his employment and/or agency for Defendants Uber Technologies, Uber USA, Rasier, and/or Rasier-DC.

14. At approximately 8:46 p.m., on or about June 6, 2019, Defendant Rutahakana motor vehicle struck and collided with Plaintiff's motor-driven cycle.

15. The aforementioned striking and colliding were due to the violations of law and/or negligence of Defendant Rutahakana.

16. Specifically, Defendant Rutahakana's violations of law and negligence included, but were not limited to, failing to pay full time and attention, failing to keep a proper lookout, failing to maintain a reasonable speed under the circumstances, failing to maintain proper control of his vehicle, failing to yield the right of way, failing to obey all traffic control devices, failing to safely change lanes, and failing to exercise ordinary and reasonable care under the circumstances.

17. As a direct and proximate result of the collision, Plaintiff suffered bodily injuries and/or damages that have caused, and will continue to cause, physical and mental pain and suffering for the rest of his life.

18. Moreover, as a direct and proximate result of the collision, Plaintiff has incurred, and will continue to incur, medical, therapeutic, and related expenses, including, but not limited to, lost wages and property damage.

19. The aforementioned injuries and/or damages were caused solely and proximately by Defendants' negligence, without any contributory negligence on the part of Plaintiff.

20. Plaintiff has complied with all conditions precedent to the filing of this complaint.

### Count I – Negligence of Defendant Rutahakana

21. Plaintiff restates and realleges each and every allegation set forth above as if fully set forth herein.

22. At all material times, Defendant Rutahakana had the duty to operate his motor vehicle in a reasonably safe manner, which included, but was not limited to, paying full time and attention, keeping a proper lookout, failing to maintain a reasonable speed under the circumstances, maintaining proper control of his vehicle, yielding the right of way, obeying all traffic control devices, safely changing lanes, and exercising ordinary and reasonable care under the circumstances.

23. In violation of these duties, Defendant Rutahakana caused the motor vehicle collision as set forth herein.

24. As a direct and proximate result of Defendant Rutahakana's negligence, Plaintiff suffered injuries and/or damages as set forth above.

25. The above injuries and/or damages were caused solely and proximately by Defendant Rutahakana's negligence, without any contributory negligence on the part of Plaintiff.

## Count II: Vicarious Liability of Defendants
## Uber Technologies, Uber USA, Rasier, and/or Rasier-DC

26. Plaintiff restates and realleges each and every allegation set forth above as if fully set forth herein.

27. At all material times, Defendant Rutahakana had the duty to operate his motor vehicle in a reasonably safe manner, which included, but was not limited to, paying full time and attention, keeping a proper lookout, failing to maintain a reasonable speed under the circumstances, maintaining proper control of his vehicle, yielding the right of way, obeying all traffic control devices, safely changing lanes, and exercising ordinary and reasonable care under the circumstances.

28. At all material times, Defendant Rutahakana was an employee and/or agent of Defendants Uber Technologies, Uber USA, Rasier, and/or Rasier-DC.

29. At all material times, Defendant Rutahakana was acting within the course and scope of his employment and/or agency for Defendants Uber Technologies, Uber USA, Rasier, and/or Rasier-DC.

30. Therefore, as the employer(s) and/or principal(s) for Defendant Rutahakana, Defendants Uber Technologies, Uber USA, Rasier, and/or Rasier-DC is/are vicariously liable for the negligence of its/their employee and/or agent, Defendant Rutahakana, as alleged herein.

31. As a direct and proximate result of Defendant Rutahakana's negligence, Plaintiff suffered injuries and/or damages as set forth above.

32. The above injuries and damages were caused solely and proximately by Defendants' negligence without any contributory negligence on the part of Plaintiff.

\* \* \*

**WHEREFORE,** Plaintiff respectfully requests judgment against each Defendant, in an amount to be determined at trial, but believed to be no more than One Million Dollars ($1,000,000.00) in compensatory damages, plus costs of suit, pre- and post-judgment interest, and any such other and further relief as this Court deems just and proper.

Dated: March 21, 2022                                            RESPECTFULLY SUBMITTED,

/s/ **Sarah E. Cullum**
Sarah E. Cullum, # 1657319
Michael C. Robinett, # 503231
SIMEONE & MILLER, LLP
1130 Connecticut Avenue, NW
Suite 350
Washington, DC 20036
Phone: (202) 628-3050
Fax: (202) 466-1833
scullum@simeonemiller.com
mrobinett@simeonemiller.com
*Counsel for Plaintiff*

## Jury Demand

Plaintiff, by and through the undersigned counsel and pursuant to Rule 38 of the District of Columbia Rules of Civil Procedure, hereby demands trial by jury of all issues in this matter.

Dated: March 21, 2022                                                    RESPECTFULLY SUBMITTED,

/s/ **Sarah E. Cullum**
Sarah E. Cullum, # 1657319
Michael C. Robinett, # 503231
SIMEONE & MILLER, LLP
1130 Connecticut Avenue, NW
Suite 350
Washington, DC 20036
Phone: (202) 628-3050
Fax: (202) 466-1833
scullum@simeonemiller.com
mrobinett@simeonemiller.com
*Counsel for Plaintiff*